182 N.J. Super. 628 (1982)
442 A.2d 1078
IN THE MATTER OF THE ADOPTION OF A CHILD BY JOSE MERCADO.
Superior Court of New Jersey, Appellate Division.
Argued January 25, 1982.
Decided February 10, 1982.
Before Judges BISCHOFF, KING and POLOW.
*629 Carl W. Cavagnaro argued the cause for petitioner (Reuss and Cavagnaro, attorneys).
Charles Iannuzzi argued the cause for respondent.
The opinion of the court was delivered by BISCHOFF, P.J.A.D.
This appeal involves the all too-common situation with divorced parents, where the custody of the child has been awarded to the natural mother and the new husband applies to adopt the child with the mother's consent but with objection by the natural father.
Raphael and Martha Gomez were married in 1974. From the marriage son Peter was born December 28, 1975. Shortly thereafter Raphael and Martha separated and were divorced November 16, 1978. Martha later married Jose Mercado. Peter has resided in the Mercado household since that marriage. On October 13, 1980 Jose filed a complaint seeking leave to adopt Peter. Raphael filed objections to the adoption and the matter proceeded to a hearing on the objections.
At the hearing conflicting testimony was presented on the nature and extent of Raphael's payment of support of Peter, his visitation of Peter and his reasons for any shortcomings in both respects.
The trial judge found there was a willful and continuous failure on the part of Raphael to exercise his parental obligations, which failure was likely to continue, and he entered an oral order terminating all of Raphael's parental rights. He withheld final action on the adoption complaint to permit an appeal to be taken. The natural father, Raphael Gomez, appeals.
We reverse for what we consider serious procedural irregularities.
N.J.S.A. 9:3-48 establishes the procedure to be followed upon the filing of a complaint for adoption where the child is not *630 received from an approved agency. In pertinent part that statute provides that upon receipt of the complaint, the court shall by its order
a....
(2) Appoint an approved agency to make an investigation and submit a written report to the court concerning the facts and circumstances surrounding the surrender of custody by the child's parents and the placement of the child in the home of the plaintiff and an evaluation of the child and of the plaintiff and the spouse of the plaintiff if not the child's parent and if not a party to the action, provided, however, that whenever the plaintiff is a stepparent of the child, the court may dispense with the agency investigation and report and take direct evidence at the preliminary hearing of the facts and circumstances surrounding the adoption.
........
(4) ...
Whenever a plaintiff is a ... stepparent of the child, the order may limit the investigation to an inquiry concerning the status of the parents of the child and an evaluation of the plaintiff....
It is clear that here there was no order for either a full investigation or a limited inquiry  and there was no investigation conducted or report submitted to the court. See In re Adoption by D., 61 N.J. 89, 93 (1972).
We are of the opinion that when there is an objection to the adoption from a natural parent, it is inappropriate to dispense with the investigation.
Furthermore, this court has previously recognized the need for independent representation for the child in a contested case. We said in the case of In re Adoption by J.J.P., 175 N.J. Super. 420 (App.Div. 1978):
... [I]t is obvious that counsel for the litigating parties are adversaries whose primary allegiance must be to the cause espoused by their clients, plaintiff stepfather and defendant natural father. The children are clients of neither of them. However, they are the center of the controversy and were entitled to independent counsel who, in protecting their welfare and interests, could be objective with regard to the issues and contentions of the parties. Our courts have inherent power to appoint a guardian ad litem for a minor, R. 4:26-2, and the desirability of the exercise of such power is recognized in our decisions. In re N., supra, 96 N.J. Super. at [415] 427-428. We are satisfied that the circumstances involved in this contested adoption proceeding justified the appointment of independent counsel to act as guardian ad litem on behalf of the children. [at 429]
*631 See Doe v. State, 165 N.J. Super. 392, 406-408 (App.Div. 1979). This desirability is also recognized by statute, N.J.S.A. 9:3-48(a)(4).
We conclude the judgment terminating parental rights should be reversed and the matter remanded for further proceedings consistent with the statutory scheme. The trial judge is directed to order an appropriate investigation, as required by N.J.S.A. 9:3-48, and if he deems it appropriate, to enter an order limiting the scope of such investigation. He should also consider the advisability of appointing a guardian ad litem for the child in the proceedings.
While we find it unnecessary to express any opinion at this time on the findings and conclusions of the trial judge, we deem it appropriate to note that in this period of time when divorce is prevalent a child may enjoy a loving relationship with a parent as well as a stepparent, and a past history of nonsupport and parental neglect may be subject to reform and rehabilitation. In re Adoption by D., supra, 61 N.J. at 98. The very fact the natural father has seen fit to prosecute an appeal from the judgment terminating his parental rights suggests the potential of such a future course of conduct and should be carefully considered by the trial judge.
Reversed and remanded. We do not retain jurisdiction.